IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMON VICTORELL SLATER, #177985, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-673-MHT |
| | ) | |
| JASON TYRE, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Demon Victorell Slater ("Slater"), an indigent state inmate and frequent federal litigant, on August 2, 2016.[1]   In the instant complaint, Slater sets forth conclusory and general allegations regarding actions taken against him during his confinement in community corrections from 2010 until sometime in 2014. Doc. 1 at 2.   Slater also challenges his removal from community corrections and placement in the state prison system by the trial judge. Doc. 1 at 2.   Slater further complains that a defendant spoke in unflattering terms about him to his family. Doc. 1 at 3.   Finally, Slater appears to challenge the constitutionality of his custody classification. Doc. 1 at 3.

Upon review of the complaint, the court concludes that this case is subject to

---

[1] Slater certifies that he presented the complaint to prison officials for mailing on August 2, 2016.  Doc. 1 at 4.  The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the complaint] was delivered to prison authorities the day [Slater] signed it."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers August 2, 2016 as the date of filing.

summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]  Specifically, the court concludes that any claim arising on or before August 1, 2014 is barred by the statute of limitations, and at any rate that each of the causes of action stated by Slater are not cognizable under § 1983.

## II.  DISCUSSION

### A.   Claims Barred by the Statute of Limitations.

Slater references claims addressing actions taken against him beginning in 2010 and continuing until an unidentified time in 2014.  While some of Slater's claims may arise from actions taken after August 1, 2014, any claims for relief arising on or before August 1, 2014 are barred by the two-year period of limitations applicable to 42 U.S.C. § 1983 actions filed in this court.[3]  This is because:

---

[2] The court granted Slater leave to proceed *in forma pauperis*.  Doc. 3.  A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss any claim prior to service of process if it determines that the claim is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

[3] The statute of limitations is usually a matter raised as an affirmative defense, but in an action proceeding under section 1983 the court may consider, *sua sponte*, any affirmative defenses that are apparent from the face of the complaint. *Clark v. Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at n.2.  In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id.*

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).  "We must take advantage of every tool in our judicial workshop."

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (quoting *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985).

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S. Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The two-year limitations period operates as an absolute barrier to suit, and there is no basis on the face of the complaint for concluding that the limitations period could have been tolled for any reason.[4] Thus, the statute of limitations for any claims regarding actions that occurred on or before August 1, 2014 expired, at the latest, on August 1, 2016. Slater therefore has no legal basis on which to proceed on claims arising on or before August 1, 2014, as these claims are barred by the applicable statute of limitations and are therefore subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Community Corrections**.

To the extent any of Slater's claims survive the bar of the two-year statute of limitations, they are due for dismissal on substantive grounds. Slater first challenges his removal from community corrections and placement in the state prison system for service of his sentence. However, this claim does not entitle Slater to any relief. The Supreme Court has held that there is no constitutional right to remaining in a community corrections setting because "[c]onfinement in any of the State's institutions is within the normal limits

---

[4] Alabama law allows tolling of the limitation period for an individual who "is, at the time the right accrues below the age of 19 years, or insane." Ala. Code § 6-2-8(a) (1975). The complaint, including the age of Slater's AIS number and the claims set forth therein, indicates that Slater meets neither of these criteria.

3

or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983) (holding that prisoner has no constitutional right to be confined in a particular institution). Consequently, this claim is due to be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

**C.    Custody Classification.**

Slater also arguably challenges his custody classification level, but this claim also provides no basis for relief.   The law is well settled that

> there are only two instances when a prisoner may be deprived of a due process liberty interest under § 1983: The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court.  The second situation is when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Kirby v. Siegelman*, 195 F.3d 1285, 1290–91 (11th Cir. 1999) (quotation omitted) (citing *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995)).

*Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006).  Slater's claim does not rise to the level of an actionable § 1983 deprivation because an inmate's assigned custody classification is not "so severe that it essentially exceeds the sentence imposed by the court," and the administrative regulations governing classification "do not bestow a benefit vis-a-vis the custody classification, the deprivation of which would result in an 'atypical and significant hardship.'" *Id.* (quoting *Sandin*, 515 U.S. at 484); *see Moody v. Daggett,* 429 U.S. 78, 87 n.9 (1976) (holding no constitutional liberty interest in prisoner's custody classification); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (same); *Jones v. Diamond*, 594 F.2d 997 (5th Cir. 1979) (same).

Since the plaintiff has no constitutional right to a particular custody classification, any claim to the contrary is without merit and subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

**D.     Defamatory Statements.**

Slater's claim regarding defamatory statements made by a defendant to his family members also provides no basis for relief because a 42 U.S.C. § 1983 action cannot be predicated upon the theory of slander, defamation or libel. *Paul v. Davis*, 424 U.S. 693 (1976); *Charles v. Scarberry*, 340 F. App'x 597, 599-600 (11th Cir. 2009) ("[C]laims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action."). Summary dismissal of this claim is therefore proper pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further ORDERED that on or before **September 7, 2016** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's

order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of August, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE